Troy D. BROWN, Sr., Plaintiff–
Appellant,

v.

MISSISSIPPI VALLEY STATE
UNIVERSITY; et al,
Defendants,

Lester C. Newman, Individually and in
his Official Capacity of President of
Mississippi Valley State University;
Kevin A. Rolle, Individually and in his
Official Capacity as Vice President of
Student Affairs of Mississippi Valley
State University, Defendants–Appel-
lees.

No. 04–60038.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 1, 2005.

Jim D. Waide, III, Waide & Associates,
Tupelo, MS, for Plaintiff–Appellant.

Maudine G. Eckford, Jackson, MS, for
Defendants–Appellees.

Before GARZA, DeMOSS and
CLEMENT, Circuit Judges.

PER CURIAM: *

Troy D. Brown, Sr. is appealing the
district court's order denying his challenge
made during the jury voir dire pursuant to
*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

1712, 90 L.Ed.2d 69 (1986). Following a
jury trial, the district court dismissed
Brown's complaint seeking relief under the
civil rights statutes and state law prohibit-
ing malicious interference with employ-
ment relations.

Brown argues that the district court
erred in upholding the appellees' reasons
for challenging two African–American
members of the venire without making a
determination that the reasons were pre-
textual and that the strikes were actually
discriminatory. The appellees respond
that in failing to dispute the non-discrimi-
natory reasons for the challenges, Brown
waived his initial *Batson* challenge and,
thus, the ruling is not subject to appellate
review.

The Equal Protection Clause forbids a
prosecutor to challenge potential jurors
solely on account of their race. *Batson v.
Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712,
90 L.Ed.2d 69 (1986). In *Batson,* the
Court outlined a three-step process for
evaluating claims that a prosecutor used
peremptory challenges in a manner violat-
ing the Equal Protection Clause: (1) a
defendant must make a prima facie show-
ing that the prosecutor has exercised his
peremptory challenges on the basis of
race; (2) the burden then shifts to the
prosecutor to articulate a race-neutral rea-
son for striking the juror in question; and
(3) the trial court must determine whether
the defendant has carried his burden of
proving purposeful discrimination. *Her-
nandez v. New York,* 500 U.S. 352, 358–59,
111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)
(citing *Batson,* 476 U.S. at 96–98, 106 S.Ct.
1712). The principles announced in *Bat-
son* have been applied to challenges to

---

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurors in private civil litigation. *Edmonson v. Leesville Concrete Co.*, 943 F.2d 551, 552 (5th Cir.1991).

A party opposing a challenge to a member of the venire under *Batson* must prove purposeful discrimination in response to the striking party's statement of racially neutral reasons for the strike. He cannot rely on his initial objection. *See United States v. Arce*, 997 F.2d 1123, 1127 (5th Cir.1993) (citing *United States v. Rudas*, 905 F.2d 38, 41 (2nd Cir.1990)).

In failing to object to the district court's determination that the defendants presented racially neutral reasons for their challenges to the African–American members of the venire, Brown waived his *Batson* claim. Therefore, the denial of the *Batson* challenge is AFFIRMED.